UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-527 RJC-DCK

| BENJAMIN F. CLARK, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ZENTA and SUSAN O'ROURKE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the court on Defendants' Motion To Dismiss (Doc. No. 9), which has been fully briefed; the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. No. 15); and Plaintiff's objections to the M&R (Doc. No. 16). For the reasons stated below, the Court adopts the M&R, and the defendants' motion to dismiss is GRANTED.

**I.     BACKGROUND**

The plaintiff's only objection to the M&R's background statement is the magistrate judge's use of the word "purportedly" to describe one of Defendant O'Rourke's statements to the plaintiff on December 29, 2009. This word does not mischaracterize the facts of this case. Moreover, even if this word were eliminated, it would not change this Court's analysis. This Court therefore adopts the factual and procedural background as stated in the M&R.

**II.    STANDARD OF REVIEW**

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th

Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Accordingly, the Court has conducted a de novo review of those portions of the magistrate judge's decision specifically objected to by the defendant and has reviewed the remainder for clear error.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III.     DISCUSSION**

The Magistrate Judge recommended that Clark's claims be dismissed for failure to state a claim upon which relief can be granted because, in short, Clark offered "no more than speculative and conclusory allegations that he was terminated as a result of intentional race discrimination." See (Doc. No. 15 at 5: M&R).  The Magistrate Judge similarly found that Clark's other claims - of wrongful discharge, negligence, gross negligence, emotional torts, and defamation - failed to plead sufficient facts to survive a 12(b)(6) motion.  Finally, Clark also made claims, including co-employment, verbal abuse, violation of right to earn a fair wage, and outrageous conduct, that the magistrate judge recommended be dismissed because they were not cognizable legal claims.

In his objections, Clark first reiterates that he was not given two weeks to improve his low production numbers, but that Jessica Gibbs was given time to improve on quality and also afforded a corrective action plan.  This objection does nothing to overcome the uncontested fact that - unlike the plaintiff - Jessica Gibbs did not have low production numbers and is thus not similarly situated to the plaintiff.  Second, Clark appears to alleges that Defendant O'Rourke showed disparate treatment by writing a "defamatory performance review" without his "knowledge or consent" and then terminating his employment.  See (Doc. No. 16 at 3: Plaintiff's Objections to M&R).  Here, the magistrate judge correctly found that although the plaintiff concludes that his termination resulted in disparate treatment, he fails to allege specific facts explaining how disparate treatment actually occurred.  See (Doc. No. 15 at 5-6); see also, Coleman v. Maryland Court of Appeals, 626 F.3d 187 (4th Cir. 2010); Curry v. Philip Morris USA, Inc., 3:08cv609-RJC, 2010 WL 431692 at *3 (W.D.N.C. Feb. 4, 2010).  This Court therefore adopts the magistrate judge's analysis.  Finally, Clark makes two claims related to the

integrity of the judges in this district: 1) that the magistrate judge "is obviously protecting [defense counsel] David C. Wright III from criminal charges" because the magistrate judge rejected the plaintiff's claim that Mr. Wright committed fraud and perjury for twice typing his name as "David C. Wright II" instead of "David C. Wright III"; and 2) that the magistrate judge and the undersigned have a conflict of interest because both went to the University of Virginia School of Law as did defense counsel David C. Wright III. These objections are indeed frivolous, and more importantly, irrelevant to the 12(b)(6) analysis. See White v. White, 886 F.2d 721, 726 (4th Cir. 1989); 28 U.S.C. § 1915(e)(2)(b)(i).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED THAT:**

1. The Magistrate Judge's Memorandum and Recommendation (Doc. No. 15) is ADOPTED.

2. Defendants' Motion to Dismiss (Doc. No. 9) is GRANTED.

Signed: April 13, 2011

Robert J. Conrad, Jr.
Chief United States District Judge